UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Grimm and Jeffrey Seipel, as Trustees
of the Minnesota Laborers Pension Fund, and
each of their successor trustees,

        Plaintiffs,

v.                                       Civil No. 07-3215 (JNE/SRN)
                                       ORDER

Central Landscaping, Inc.,

        Defendant.

This case is before the Court on Plaintiffs' Motion for Attorney Fees and Costs. Plaintiffs seek $36,072.95 in fees and costs. For the reasons set forth below, the Court awards Plaintiffs $11,085.17.

Plaintiffs are trustees of a multiemployer fringe benefit plan. Defendant withdrew from the plan in 2005. In January 2006, Plaintiffs notified Defendant of its withdrawal liability. Defendant disputed Plaintiffs' calculation, and Plaintiffs recalculated the withdrawal liability. In September 2006, Plaintiffs notified Defendant of the recalculated withdrawal liability. Defendant continued to dispute its withdrawal liability and requested arbitration in November 2006. Plaintiffs brought this action in July 2007 under the Employee Retirement Income Security Act (ERISA) to recover withdrawal liability.

Asserting that Defendant could not contest Plaintiffs' calculation of withdrawal liability because Defendant had not timely initiated arbitration, Plaintiffs moved for summary judgment. They sought a judgment in the amount of $145,946 plus liquidated damages, interest, attorney fees, and costs. In the alternative, assuming that Defendant had timely initiated arbitration, Plaintiffs asked the Court to order Defendant (1) to make past due withdrawal liability payments and (2) to pay liquidated damages, interest, attorney fees, and costs.

1

In June 2008, the Court granted Plaintiffs' motion. Having concluded that Defendant had timely initiated arbitration, the Court ordered Defendant to make all past due withdrawal liability payments. The Court also awarded liquidated damages, interest, reasonable attorney fees, and costs to Plaintiffs. *See* 29 U.S.C. § 1132(g)(2) (2000). Plaintiffs now seek $8,112.00 for expert witness fees, $27,001.25 for attorney fees, and $959.70 for service and filing fees.

The Court begins with Plaintiffs' request for expert witness fees. Defendant asserts that Plaintiffs cannot recover these fees. Section 1132 does not authorize a district court to shift fees for expert witnesses except to the extent allowed by 28 U.S.C. §§ 1821, 1920 (2000). *Agredano v. Mut. of Omaha Cos.*, 75 F.3d 541, 544 (9th Cir. 1996); *Holland v. Valhi Inc.*, 22 F.3d 968, 979 (10th Cir. 1994). Here, Plaintiffs do not rely on section 1821 or 1920 to support their request for expert witness fees. Accordingly, the Court denies Plaintiffs' motion insofar as Plaintiffs seek expert witness fees.

The Court turns to Plaintiffs' request for attorney fees. Defendant argues that the amount sought for attorney fees in excessive. To calculate an award of reasonable attorney fees, a court uses as a starting point "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Brown v. Aventis Pharm., Inc.*, 341 F.3d 822, 829 (8th Cir. 2003). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Here, Plaintiffs support their request for fees with an annual summary. For 2006, they claim 8.5 hours of a senior attorney's time at $235 per hour. They describe this time as devoted

to an investigation of the basis of Plaintiffs' claims, an assessment of Defendant's withdrawal liability, and the preparation of a demand letter.

For 2007, Plaintiffs seek 16.5 hours of the senior attorney's time at $270 per hour, 23.75 hours of a junior attorney's time at $120 per hour, and 6.5 hours of a paralegal's time at $125 per hour. Plaintiffs describe the services performed in 2007 as (1) extensive communications between Plaintiffs' attorneys and Defendant's counsel to secure past due withdrawal liability payments; (2) the commencement of this action by Plaintiffs' attorneys; (3) significant services related to Plaintiffs' prosecution of their claims; and (4) the paralegal's assistance to further facilitate the processing of Plaintiffs' claims.

Finally, for 2008, Plaintiffs claim 20.25 hours of the senior attorney's time at $280 per hour, 72.25 hours of the junior attorney's time at $135 per hour, and 11.25 hours of the paralegal's time at $130 per hour. According to Plaintiffs, the services rendered in 2008 include the preparation and service of "all appropriate disclosures and expert witness disclosures," settlement negotiations, and preparation of Plaintiffs' motion for summary judgment.

Defendant contends that the hours requested in 2006 are excessive given the senior attorney's expertise in the area of employee benefits for ERISA funds and the role of Plaintiffs' actuaries in calculating withdrawal liability. Defendant also maintains that the hours claimed in 2007 are excessive because of the formulaic nature of Plaintiffs' correspondence and pleadings, and Plaintiffs' failure to justify the charges associated with the "significant services" performed by Plaintiffs' counsel.[1] Finally, Defendant maintains that the hours claimed in 2008 are

---

[1] Defendant does not object to the hours claimed in 2006 or any portion of the hours claimed in 2007 on the ground that they were not incurred in relation to this action. *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 314 n.10 (3d Cir. 2008); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004); *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 121 n.5 (2d Cir. 2002).

excessive because they relate to the preparation of "boilerplate disclosures," a "boilerplate" motion for summary judgment, and "boilerplate supporting papers." Defendant also notes that the primary dispute between the parties—whether Defendant timely initiated arbitration—was resolved in its favor. Accordingly, Defendant asserts that a substantial reduction is appropriate.

The Court begins with the number of hours reasonably devoted to the litigation. Plaintiffs' presentation of the hours claimed on an aggregate basis and the vague description of many of the services performed inhibit the Court's review of the request: "Incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (quoting *Hensley*, 461 U.S. at 434). To account for Plaintiffs' inadequate documentation, the Court reduces the hours claimed by 25%.

The Court turns to the hourly rates claimed by Plaintiffs. "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). In determining a reasonable hourly rate, a district court may rely on its own knowledge of prevailing market rates. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). Here, Defendant does not object to the rates claimed by Plaintiffs, and the Court concludes that they are reasonable. Application of the hourly rates to the reduced hours yields an initial calculation of $20,250.94.

The Court concludes that a reduction of the initial calculation is warranted given the results obtained by Plaintiffs. *See Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999). Plaintiffs devoted a substantial portion of their efforts in this litigation to their unsuccessful attempt to preclude Defendant from contesting Plaintiffs' calculation of withdrawal

liability in arbitration.  From the documentation submitted by Plaintiffs to support their fee request, the Court is unable to identify the hours spent on this argument.  Under the facts and circumstances of this case, the Court concludes that a reduction of the initial calculation by 50% is appropriate.  Thus, the Court awards $10,125.47 in attorney fees to Plaintiffs.

Finally, Plaintiffs seek to recover their service and filing fees.  Defendant does not contest this request.  Accordingly, the Court awards $959.70 to Plaintiffs for service and filing fees.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Attorney Fees and Costs is [Docket No. 31] is GRANTED IN PART and DENIED IN PART.

2. Defendant is liable to Plaintiffs for reasonable attorney fees and costs in the amount of $11,085.17.

Dated:  August 19, 2008

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge